UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

MAY 0 3 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-273-GWU

MARTINA RICE,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

\* \* \* \* \* \* \* \*

The plaintiff appeals an administrative decision to terminate Social Security

Income (SSI) benefits originally awarded in 1991.  The case is currently before the

Court on cross-motions for summary judgment.

### STANDARDS APPLICABLE TO TERMINATION DECISIONS

When the issue is the termination of benefits, the regulations establish the

following eight-step test:

1.    Is the beneficiary engaging in substantial gainful
      activity?  If so, then the disability will be found to have
      ended.  See 20 C.F.R. Section 404.1594(f)(1).

2.    Provided the beneficiary is not engaged in substantial
      gainful activity, does the beneficiary have an
      impairment or combination of impairments which meet
      or equal the severity of impairments in the Listing?  If
      so, then the disability must be found to continue.  See
      20 C.F.R. Section 404.1594(f)(2).

1

Rice

3.    If the beneficiary does not equal a listing, then the question is whether there has been medical improvement (any decrease in the medical severity of one's impairments, as per 20 C.F.R. 404.1594(b)(1)).

4.    Provided medical improvement has occurred, then the question is whether this has produced an increase in the residual functional capacity. If the improvement is not related to the ability to perform work activities, then one proceeds to step 5. If the improvement is related work ability, then one proceeds to step 6. See 20 C.F.R. Section 404.1594(f)(4).

5.    Provided there has been no medical improvement or the improvement is not related to work ability, then one must decide whether an exception to the medical improvement standard will apply. If not, then a finding of continuing disability should be made. See 20 C.F.R. Section 404.1594(f)(5).

6.    If the medical improvement is found to be related to work ability or if an exception to the medical improvement standard applies, then one considers whether the current impairments in combination are severe. If so, then one proceeds to step 7; if not, the beneficiary is no longer considered disabled. See 20 C.F.R. Section 404.1594(f)(6).

7.    If the impairments are found to be severe, then one must assess the beneficiary's ability to engage in substantial gainful activity in accordance with 20 C.F.R. Sec. 404.1561. If found capable of performing past relevant work, then the disability will be found to have ended. Otherwise, one proceeds to step 8. See 20 C.F.R. Section 404.1594(f) (7).

8.    Provided the beneficiary cannot perform past relevant work, then one must assess the residual functional capacity and considering the age, education, and past work experience, determine whether other work can be performed. If so, then the beneficiary is no longer disabled. Otherwise, a finding of continuing disability should be made. See 20 C.F.R. Section 404.1594(f)(8).

The standard for judicial review is whether there is substantial evidence to

support the Secretary's decision that the plaintiff's condition has improved to the

2

Rice

extent that he can perform substantial gainful activity. Casiano, Jr. v. Heckler, 746 F. 2d 1144 (6th Cir. 1984). The Court must determine from the record upon what conditions the claimant was awarded benefits, and whether there has been any improvement in these conditions. Id. at 1148.

## DISCUSSION

The plaintiff, Martina Rice, was awarded SSI benefits effective December 29, 1991 in a decision by an Administrative Law Judge (ALJ), who determined that she met the requirements of the Commissioner's Listing of Impairments (LOI) Section 1.11, for a severe, non-healed fracture of the right ankle resulting from a December, 1991 motor vehicle accident. (Tr. 11, 32-4). The Commissioner notified Mrs. Rice that her condition had improved and her disability had ceased as of October 1, 2001, and this decision was affirmed by an agency hearing officer in October, 2002. (Tr. 84-7). The plaintiff appealed the termination of her benefits to the level of another ALJ, maintaining that her disability continued due to residuals of the right ankle and leg injuries, back and neck pain, diabetes, and temporal mandibular joint syndrome. (Tr. 39, 60, 97). The new ALJ conducted a hearing on April 21, 2004, at which the plaintiff had waived her right to representation by an attorney. (Tr. 357, 376-83). The ALJ found that Mrs. Rice continued to have "severe" impairments consisting of a history of a right ankle injury (status post surgical repair), non insulin-dependent diabetes mellitus, well-controlled hypertension, and a history of migraine headaches. (Tr. 15). Nevertheless, based, in part, on interrogatories submitted to

3

a vocational expert (VE), the ALJ determined that there were a significant number of jobs existing in the economy which the plaintiff could perform, and that she, therefore, was not entitled to benefits. (Tr. 15-16). The Appeals Council declined to review, and this action followed.

On appeal, the plaintiff concedes that the ALJ was correct to find that her ankle impairment no longer met the severity required in any Listing of Impairment section, and that there has been medical improvement in the condition upon which her award had originally been based. Memorandum in Support of Plaintiff's Motion for Summary Judgment, Docket Entry No. 18, p. 14.

The plaintiff, however, alleges that the ALJ failed to fully and fairly develop the administrative record in connection with her current status, citing the case of Lashley v. Secretary of Health and Human Services, 708 F.2d 1048 (6th Cir. 1983), in which the Sixth Circuit held that the ALJ's basic obligation to develop a full and fair record was heightened when a claimant appeared without representation, and that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" and "must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Id. at 1052 (citations and internal quotation marks omitted). The Lashley court went on to state that there was no "bright line test" for determining when an ALJ has failed to fully develop the record, and that the determination must be made on a case-by-case basis. Id. It emphasized that a claimant may, indeed, waive the statutory right to

4

Rice

counsel.

In the present case, the plaintiff points out that the ALJ, at the exceedingly brief, 10 minute administrative hearing, elicited testimony from Mrs. Rice that she had found that the day before the hearing that she had been diagnosed with lupus, and her doctor was giving her a referral to a specialist. (Tr. 377). The ALJ stated that he needed records from the doctor that had diagnosed the lupus and would need the records of treatment from the specialist that Mrs. Rice was going to see, and asked her, "Can you get those for me?" (Tr. 380). The following colloquy took place.

> A. Well, I asked him to do that and he said that you need to send him papers -
>
> Q. All right.
>
> A. - for him to do that -
>
> Q. Very -
>
> A. - and then he said he would do that.
>
> Q. Very well.

(Id.).

The ALJ then obtained the names of the doctors involved. (Tr. 380-1).

The Commissioner concedes that it is unclear whether the ALJ attempted to obtain records from either of these sources, but that the ALJ did not fail to develop the record since he arranged for a consultative physical examination by another doctor. Memorandum in Support of the Commissioner's Decision, Docket Entry No.

5

Rice

20, p. 9. As far as can be determined, the consultative examiner, Takasha Stewart-Hubbard, was not provided with any prior records and conducted no testing beyond a physical examination.   (Tr. 358-60).   Thus, the issue of lupus remained unexplored and unresolved.

As far as can be determined from the evidence, the plaintiff attempted to obtain relevant medical records, and was told she needed a request from the ALJ. The ALJ appeared to accept this statement, assured her that he would obtain the records, and did not.  No reason appears for this failure.  While it is entirely possible that this evidence would not establish disability, this is mere speculation in the absence of further development. Accordingly, a remand will be required.

The plaintiff also makes additional arguments concerning the lack of development of a mental disorder.   While the plaintiff did not allege anxiety, depression, or a learning disability, the Court does note that her treating physician, Dr. Peesapati, frequently diagnosed "anxiety neurosis" and prescribed Xanax. (E.g., Tr. 293, 296-8).  No questions about any mental condition were asked at the 10 minute administrative hearing.  This issue should also be explored on remand.

The decision will be remanded for further consideration.

This the _____3_____ day of May, 2006.

G. WIX UNTHANK
SENIOR JUDGE

6